UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                      No. 2:15-CR-01

vs.

                                        Hon. R. Allan Edgar

JONATHAN LEE MATTESON,

        Defendant.
_____/

GOVERNMENT'S MOTION IN LIMINE TO EXCLUDE
THIRD-PARTY TESTIMONY REGARDING ALLEGED OUT OF COURT STATEMENTS
NOT OFFERED FOR THE TRUTH OF THE MATTER ASSERTED
<u>AND BRIEF IN SUPPORT</u>

      Now comes the United States of America, by and through its attorneys, Patrick A. Miles, Jr., United States Attorney for the Western District of Michigan, and B. René Shekmer, Assistant United States Attorney, and states as follows:

      The Government moves the Court for an order prohibiting defense counsel from soliciting testimony as to anything someone else is alleged to have said, when the defendant's basis for admissibility is "not offered for the truth of the matter asserted", unless and until the defense has established that the specific statement was made to Defendant Matteson, was made specifically in response to Defendant Matteson, was about Defendant Matteson's federal income tax liability for the years 2008, 2009, 2010, and/or 2011, was made after Defendant Matteson had fully disclosed all aspects of his income and expenses, including those held in the names of trusts, relative to the

1

preparation of his federal income tax returns for the applicable year(s), 2008, 2009, 2010, and 2011, and was made by a person Defendant Matteson has good reason to believe was competent to give accounting or legal advice.

On May 7, 2015, Defendant Matteson filed a Motion in Limine wherein he "requests that the Court exclude all hearsay statements." (R.32, Motion in Limine at 1.) Defendant Matteson also states: "The Court must not allow any hearsay statements to come into evidence." (Id.)

The Federal Rules of Evidence define "hearsay" as "a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." FRE 801(c). The Federal Rules of Evidence state that hearsay is not admissible, unless allowed by a federal statute, the Federal Rules of Evidence, or other rules prescribed by the Supreme Court. FRE 802. The Government agrees that all hearsay statements not allowed by federal statute, the Federal Rules of Evidence, or other rules prescribed by the Supreme Court must not be allowed at trial.

Based upon Defendant Matteson's proposed jury instructions and his motion in limine, Defendant Matteson intends to rely upon a good faith reliance upon advice of counsel defense. Defendant Matteson claims in his motion in limine that Defendant Matteson "relied to his detriment on the accounting and legal advice given to him by Simmons," while "Simmons has sworn under oath he gave no such advice." (R.32, Motion in Limine at 3). The good faith reliance upon advice of counsel defense is grounded upon the fact that the defendant must have had good reason to believe that the person

2

relied upon was competent to give such advice to begin with, an accountant or an attorney.   One cannot rely in good faith upon an auto mechanic, a plumber, or a physician, with no expertize in accounting, tax, or law, for accounting, tax, or legal advice.

In the discovery provided by defense counsel relative to David Simmons (Attachment 1-Defendant's Exhibit A16; Matteson 45-50, LinkedIn profile), David Simmons title is listed as Financial Independence Evangelist, ACN IBO.   David Simmons lists his previous employment as S.A.F.E. Advisors of Florida, Sarasota Baptist Church, and AAA Insurance Agency.   (Attachment 1-Defendant's Exhibit A16; Matteson 45). S.A.F.E. is listed from January 2001 to April 2012 and claimed to deal with financial consulting and estate engineering/planning.   There is nothing in anything provided by the defense in discovery that makes any claims about income tax preparation or tax advice.   David Simmons claims to have an associate's degree in Sociology and to have studied business administration but dropped out in junior year.   He claims to have taken an accounting course which he describes as "Principles of Accounting (YUK-101)." (Attachment 1-Defendant's Exhibit A16; Matteson 0000048.)   Counsel for the Government knows that Principles of Accounting I, designated Accounting 101 or ACC-101, is the first accounting course offered at colleges, in a string of accounting courses, Principles of Accounting I (ACC-101), Principles of Accounting II (ACC-102), Intermediate Accounting I (ACC-201), Intermediate Accounting II (ACC-202), etc.   While David Simmons' distain for accounting by designation of the introductory Principles of Accounting course as "YUK-101" is humorous, it clearly would provide no one with a good faith belief that Simmons was qualified to give "accounting and legal advice."   Thus, it is

3

not surprising that nowhere in any of the discovery provided by the defense does David Simmons claim to be an accountant or an attorney.

The Government has reason to believe, based upon statements of Defendant Matteson's counsel, Mr. Minns, that Defendant Matteson may attempt to elicit third-party testimony as to out of court statements alleged to have been made by David Simmons, and then declare that the statement is not hearsay because it is not offered for the truth of the matter asserted but merely to show that the statement was made and, therefore, Defendant Matteson relied upon the statement, even if untrue. However, again, David Simmons is not an accountant or an attorney. (Simmons 12-3-2014 Transcript at 6, disclosed to defense counsel by letter dated March 24, 2015.) David Simmons did not give Defendant Matteson specific counsel or advice with regard to Defendant Matteson's federal income tax liability each year. (Simmons 12-3-2014 Transcript at 8, disclosed to defense counsel by letter dated March 24, 2015.) David Simmons also did not prepare tax returns for Defendant Matteson or his trusts.

In order to rely upon the advice of counsel defense, defendant must have fully disclosed all relevant facts to the accountant or the attorney and have relied upon the resulting advice in good faith. The burden of proving full disclosure to the accountant or attorney is upon the defendant. *United States v. Lindo*, 18 F.3d 353, 356-357 (6th Cir. 1994). Furthermore, the advice and good faith reliance must relate to the specific wrongful acts at issue in the case. *United States v. Bruner*, 2014 WL 2921840 (E.D. Ky. June 27, 2014). "Thus, to receive an advice of counsel instruction, a defendant must show that he disclosed all relevant facts relating to his wrongful acts and that he relied on

4

counsel's advice with regard to those acts." *Id.* at *2. Evidence that Matteson relied upon past advice, only made general inquiries, or relied upon statements made in a general setting, not directed specifically to Matteson and his particular and specific tax liability and tax returns for 2008, 2009, 2010, and/or 2011, are not sufficient and are irrelevant. *Id.* at *3-4. The defendant has disclosed to the Government no documents or other evidence showing that David Simmons is an accountant or an attorney, that Defendant Matteson "made full disclosure of all material facts" that bore upon his federal income tax liability for the 2008, 2009, 2010, and/or 2011 to David Simmons or anyone else and received advice from David Simmons or anyone else specifically regarding the preparation and filing of his personal 2008, 2009, 2010, and/or 2011 federal income tax returns.

Defendant Matteson has a storied past when it comes to federal income taxes. Defendant Matteson, a Michigan resident, was having his tax returns prepared by Kenneth Siebert of Georgia in the late 1990s and early 2000s, the same Siebert who was involved in setting up some of Defendant Matteson's trusts. Defendant Matteson's counsel has represented that Kenneth Siebert retired in 2003, apparently based upon information provided by Defendant Matteson. In fact, Kenneth Siebert, a close personal friend of Defendant Matteson and now deceased, was arrested on June 24, 2004, convicted of six counts of assisting in the preparation and filing of false and fraudulent tax returns on March 22, 2005, and sentenced to 36 months in prison on December 14, 2005. (Middle District of Georgia Docket # 3-04-CR-08.) Defendant Matteson began having William Ayers prepare his tax returns for the 2004 calendar year tax return, due in 2005.

5

As Defendant Matteson admits, "Friske was a trustee for Matteson, and Matteson was a trustee for Friske." (R.32, Motion in Limine at 2.) Herbert Friske, the trustee for many of Defendant Matteson's trusts, is neither an accountant nor an attorney. Herbert Friske was arrested on March 16, 2010, convicted of three counts of making and subscribing false and fraudulent federal income tax returns on May 12, 2010, based upon failure to report income from assets held in the names of trusts, and sentenced to 3 months in prison on August 30, 2010. (Western District of Michigan Docket # 1:10-CR-48.) Both Defendant Matteson and Herbert Friske were treating their trusts similarly for income tax purposes.

"Where a defendant 'either did not provide full information to those he supposedly relied upon, or he had reason to believe that the advice provided by these individuals was incorrect,' that defendant cannot 'mount a credible good faith reliance defense.'" *United States v. Wilson*, 2013 WL 2048308 (E.D. Mich. May 14, 2013). Furthermore, regardless of what advice Defendant Matteson claims to have relied upon, once Herbert Friske was convicted of three counts of filing false federal income tax returns based upon his failure to report income in trusts, and Herbert Friske advised Defendant Matteson of that fact, Defendant Matteson could no longer have continued to rely on any alleged advice from David Simmons or anyone else involved with Matteson's and Friske's trusts. (Western District of Michigan Docket # 1:10-CR-48). Additionally, on September 6, 2011, Defendant Matteson's tax return preparer for the 2004 through 2009 tax returns, William Ayers, specifically advised Defendant Matteson by reply email:

> At this time I can not file a return based on the information you sent on Thursday. You need to have K-1 form from the trust

6

> to substantiate that income. You should also review the
> money you spent last year and be sure you can justify where it
> came from and identify what is taxable or non-taxable income.
> You need a closing letter from the I.R.S. to be sure that the
> issues have been resolved.

(Attachment 3-Government's Exhibit 8.) Again, at that point, Defendant Matteson could no longer rely upon any alleged advice from David Simmons or anyone else, not an actual qualified accountant or attorney, regarding the preparation of federal income tax returns for 2010 and 2011, which Defendant Matteson self-prepared, or the validity of the tax returns previously filed for 2008 and 2009, which were prepared by William Ayers without full disclosure by Defendant Matteson.

It is improper for Defendant Matteson to solicit third-party testimony about general statements by anyone else, not expressly and directly relevant to Defendant Matteson's individual tax liability and income tax return preparation relative to 2008, 2009, 2010, and/or 2011, in an attempt to muddy the waters and create jury confusion. David Simmons is neither an accountant nor an attorney, he did not give Defendant Matteson tax advice relative to Defendant Matteson's specific tax liabilities for the years 2008-2011, and he did not prepare Defendant Matteson's tax returns for 2008, 2009, 2010, and/or 2011. Therefore, any alleged advice that Defendant Matteson may claim he relied upon from David Simmons is irrelevant as it did not come from a competent accountant or a competent attorney after full disclosure of all information necessary to determine Defendant Matteson's federal income tax liability for 2008, 2009, 2010, and/or 2011.

Defendant Matteson's claim of good faith reliance upon a person whose accounting experience, as disclosed by Defendant Matteson, consists of one introductory

7

accounting course, which he refers to as YUK-101, and who is neither an accountant nor an attorney, is wholly incredible.   Any attempt by Defendant Matteson to make such a claim of good faith reliance through hearsay statements, alleged to be admissible due to the fact that they are "not offered for the truth of the matter asserted," is an attempt to sow the seeds of jury confusion by placing clearly inadmissible and irrelevant information before the jury.   Defendant Matteson admits that David Simmons has stated under oath that he did not give any such advice.   (R.32, Motion in Limine at 3.)   Defendant Matteson claims that "[t]his will be a contested factual issue in our trial."   (R.32, Motion in Limine at 3.)   Before the contest begins, Defendant Matteson must prove he had reason to believe that David Simmons was competent to give accounting or legal advice relative to federal income tax liability.   To require otherwise, is to reduce the good faith reliance upon advice of counsel to a shell game where any defendant can pick any person and claim to have relied upon their accounting and legal advice, despite a complete lack of accounting or legal credentials and sworn denials to the contrary.

     Defendant Matteson has a history of abuse of trusts going back to the late 1990s and Kenneth Siebert, who was prosecuted for assisting in the preparation of false and fraudulent federal income tax returns in 2004 and 2005.   After the prosecution of Herbert Friske based upon the same conduct in 2011, after being advised by the Internal Revenue Service that he was under criminal investigation, and after being advised by his actual tax return preparer, William Ayers, that he needed a "K-1 form from the trust to substantiate that income" and that he "should also review the money you spent last year and be sure you can justify where it came from and identify what is taxable or non-taxable

income," Defendant Matteson did not seek out competent accounting or legal advice. Instead, he prepared his own tax returns for 2010 and 2011. Thus, Defendant Matteson continued his quest to evade income taxes and to remain willfully ignorant of the truth of his federal tax liability.

The Government hereby gives notice that Defendant Matteson's defense of good faith reliance upon advice of counsel opens the door to evidence of Defendant Matteson's abuse of trust to evade federal income taxes going all the way back to the late 1990s as proof that there is no good faith in Defendant Matteson's good faith defense. One rarely has the opportunity to witness a defense in the process of being manufactured as is unfolding in this case.

The Government also hereby gives notice, relative to Defendant Matteson's lack of truthfulness, the fact that Defendant Matteson provided to his counsel the September 2011 email string, minus the final entry by Defendant Matteson's tax return preparer, which defense counsel subsequently disclosed to the Government on March 20, 2015. (Attachment 2-Defendant's Exhibit A-11; Matteson 0000013.) The Government has been advised by Mr. Ayers that Defendant Matteson's counsel were provided with a copy of the full email string of conversations when they visited with Mr. Ayers prior to the final pretrial conference in this matter which was held on Friday, May 1, 2015. Counsel for the Government only became aware of the full email string of conversations (Attachment 3-Government's Exhibit 8) after the final pretrial conference when counsel for the Government visited with Mr. Ayers. As the Court can see from Government's Exhibit 8, the final conversation in the string, from Mr. Ayers to Mr. Matteson, is damning to Mr.

9

Matteson's good faith reliance on advice of counsel defense.   Regardless of whatever excuse Defendant Matteson may provide between now and trial, or at trial, the deception perpetrated by Defendant Matteson upon his own attorney's, and, through them, upon the Government through the discovery process, is evidence of Defendant Matteson's continuing attempt to evade responsibility for the crimes charged, evidence that he knowingly did not act in good faith reliance on any legitimate and competent accounting or legal counsel when preparing and filing his own 2010 and 2011 tax returns, and direct evidence of Defendant Matteson's character as it relates to his lack of truthfulness in a matter of great importance and where he has a vested interest in the outcome of the proceedings.   If Defendant Matteson testifies, attempts to offer any good faith defense, or offers character and reputation for truthfulness evidence, Defendant Matteson's truthfulness is an issue for the jury to decide and Defendant Matteson's deception is highly relevant.

    WHEREFORE, the Government requests that the Court enter an order prohibiting defense counsel from soliciting testimony as to anything someone else is alleged to have said, when the defendant's basis for admissibility is "not offered for the truth of the matter asserted", unless and until the defense has established that the specific statement was made to Defendant Matteson, was made specifically in response to Defendant Matteson's inquiry, was about Defendant Matteson's federal income tax liability for the years 2008, 2009, 2010, and/or 2011, was made after Defendant Matteson had fully disclosed all aspects of his income and expenses, including those held in the names of trusts, relative to the preparation of his federal income tax returns for the applicable

10

year(s), 2008, 2009, 2010, and 2011, and was made by a person Defendant Matteson has good reason to believe was competent to give accounting or legal advice. Otherwise, any such alleged statements, not offered for the truth of the matter asserted, are irrelevant.

                                                Respectfully submitted,

                                                PATRICK A. MILES, JR.
                                                United States Attorney

Dated: May 12, 2015                /s/ B. René Shekmer
                                                B. RENÉ SHEKMER
                                                Assistant United States Attorney
                                                P.O. Box 208
                                                330 Ionia Avenue, NW
                                                Grand Rapids, Michigan 49501-0208
                                                (616) 456-2404